[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a habeas corpus petition wherein the petitioner asserts that his conviction and subsequent confinement are illegal because of the ineffective assistance of his trial and appellate counsel.
The petitioner is serving a sentence of twelve and one-half years to life, imposed on June 29, 1978, as a result of his conviction, after a jury trial, on a charge of murder. The critical factual issue at trial centered on whether the petitioner's shooting of the victim, Valerie Vickers, was intentional or the unintentional by-product of the petitioner's state of intoxication. This conviction was affirmed on appeal, State v. Stankowski, 184 Conn. 121
(1981). Atty. Edward Peters represented the petitioner both at his trial and on appeal.
The petitioner's sole claim of ineffectiveness of counsel at trial is the failure of his attorney to object to a purportedly erroneous jury instruction concerning intoxication, and his sole claim of ineffectiveness of appellate counsel is the failure to raise the same issue on appeal. The pertinent portions of the trial judge's instructions to the jury on this topic are found on pp 29 through 32 and pp 72 through 76 of Respondent's Exhibit 1.
There are two components to a claim of ineffective assistance of counsel. First, the petitioner must prove that his counsel's performance was deficient, and second, that this deficient performance prejudiced his defense, Johnson v. Commissioner, 218 Conn. 403 (1991), p. 424. The proper measure of an attorney's performance is reasonableness under prevailing professional norms, Ibid., p. 425. The attorney's conduct must be evaluated from that attorney's perspective at the time of the allegedly deficient handling of the case, Ibid.
The petitioner argues that the jury instruction on CT Page 7036 intoxication as given at his trial improperly limited the jury's consideration of the petitioner's intoxicated condition to the situation in which the degree of impairment was so severe as to render he petitioner incapable of forming any specific intent to kill at all and was confusing as to which party had the burden of proof with respect to intoxication negating specific intent to kill the victim. The Connecticut Supreme Court has noted that some of the language used in the charge in this case, relating to incapacity to form specific intent, is "susceptible to misinterpretation," State v. Stevenson, 198 Conn. 560 (1986), p. 570; and has cautioned that "trial courts are advised not to utilize this language in such an instruction," Ibid, p 571. But that case and its comments were not published until eight years after the instruction under attack in this case was given.
The petitioner presented no expert witness regarding this issue. It should be noted that the instruction as to the effect of intoxication and G.C.S. Section 53a-7, which pertains to this issue, as given by the trial judge is substantially similar to the language suggested as an instruction in Wright's, Connecticut Jury Instructions, Section 662, 1970 edition; Borden and Orland, Connecticut Criminal Jury Instructions, Section 7-3, 1986 edition; and Connecticut Selected Jury Instructions, Section 2.35, 1988 edition.
But more importantly, the trial judge's charge regarding intoxication as it relates to negating specific intent is virtually identical to the jury instruction given and approved of in State v. Crawford, 172 Conn. 65 (1976). That case was decided two years before the petitioner's murder trial, and, as the petitioner has stressed in argument and during the hearing, it was a case to which a reasonably competent attorney would look when researching this issue in preparation for trial in 1978.
In that case our Supreme Court stated that the "portion of the charge to the jury pertaining to the issue of intoxication and its relationship to the specific intent required for murder amounted to an unexceptionable statement of the relevant Connecticut law, "Ibid, p. 69 (emphasis added). The jury instruction determined to be "unexceptionable" is not quoted in the opinion. However, the instruction is quoted in the appellate brief submitted by the defendant in that case and can be found in Connecticut Supreme Court Records and Briefs, October term 1976, Part 3, Position 6, pp 12 through 14. A copy of these instructions is attached to this Memorandum. CT Page 7037
A comparison of the instruction given in Crawford, supra, and the one given at the petitioner's trial reveals that the latter instruction tracks the former nearly verbatim, with one notable exception. The judge at the petitioner's trial additionally charged the jury as follows:
 "However, the burden remains with the state to prove beyond a reasonable doubt that the defendant, in spite of any intoxication, if you find any, had the capacity to and did from the intent to cause Valerie Vicker's death when he shot her. This is to the basic rule that the state has the burden of proving all the elements of the crime charged, including intent beyond a reasonable doubt. So, I mention this to you because I don't want you to think that the defendant has the burden of proof on this. The burden overall is on the state." (Respondent's Exhibit 1, pp. 29 and 30, emphasis added).
This addition to the language already approved by our Supreme Court in Crawford, supra, supplied precisely the kind of cautionary instruction the petitioner now asserts is lacking. This expanded instruction clearly established for the jury that the burden of proof does not shift from the prosecution to the defense on this issue, and that any intoxicated state which either rendered the petitioner incapable of forming the requisite intent or cast a reasonable doubt as to whether he actually had that intent, would negate an element of the crime of murder.
The instruction given by the trial judge at the petitioner's trial amounts to an improved version at the charge expressly found "unexceptionable" by the Connecticut Supreme Court two years earlier. This court cannot see how petitioner's counsel was in any way deficient in not excepting to an instruction recently labeled "unexceptionable." The same reasoning applies at the appellate level. The court finds that the petitioner's counsel's conduct never fell below any objective standard of reasonableness in not excepting to the charge in question. To require petitioner's counsel to have anticipated State v. Stevenson, supra, by eight years would be to demand a prescience beyond the powers normally attributable to ordinarily competent attorneys.
Considering the conformance of the charge in question to the dictates of State v. Crawford, supra, and the similarity to those charges suggested by the legal commentators at the CT Page 7038 time, the court holds that the petitioner has failed to prove he was given ineffective legal assistance at the trial or appellate level.
Therefore, the petition is dismissed.
BY THE COURT, HON. SAMUEL J, SFERRAZZA SUPERIOR COURT JUDGE